*Decision will be entered under Rule 50.*

DORIS BOND SHERMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 95300.   Promulgated April 23, 1940.

*Dana Latham, Esq.*, for the petitioner.
*Samuel Taylor, Esq.*, for the respondent.

OPINION.

KERN: The first question to be decided by us in the instant proceeding is whether petitioner made taxable gifts in the year 1935 and 1936. This question must be examined in the light of the opinion of the Supreme Court in *Estate of Sanford* v. *Commissioner*, 308 U. S. 39. In that case it was held that a transfer of property upon trust, with power reserved in the donor to modify the trust so as to designate new beneficiaries other than himself, is incomplete and, therefore, not taxable as a gift. In this proceeding there were transfers of property upon trust and the trust instrument, by section VII thereof, provided in part as follows: "The trustor may * * * amend this trust * * * and limit or divest the rights of any or all beneficiaries to the extent only of * * . * adding to the beneficiaries hereof other children, if any, of the trustor."

Here, then, as in the *Sanford* case, the donor had the power to modify the trust so as to designate new beneficiaries. However, the power here is to designate new beneficiaries from a limited class (other children of the trustor) and during the taxable years no members of that class were in being. It should be noted that there is nothing in the record to indicate the impossibility of the birth of other children to the trustor.

There being reserved to the trustor the power to designate new beneficiaries, does the fact that the exercise of this power is a mere possibility distinguish this case from the *Sanford* case? We do

not think so. As long as the trustor has such a power and the exercise of it is a possibility, the gifts in trust can not be considered as complete, in the light of the reasoning of the opinion of the Supreme Court in that case. Its decision is not based on the probability of the exercise of the power and no distinction is made between a present possibility and a remote or contingent possibility. Cf. *Helvering* v. *Hallock*, 309 U. S. 106.

Since the gifts made by petitioner were not complete within the taxable years, they were not subject to the Federal gift tax, and it follows that there are no deficiencies, but, on the other hand, overpayments of gift taxes by the petitioner for the taxable years.

Holding as we have on this first question, it is unnecessary to consider the other issues raised.

Reviewed by the Board.

*Decision will be entered pursuant to Rule 50.*